IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RASHA B. TALAFHAH, R-89309, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>JOHN BALDWIN, et al., )<br>)<br>Defendants. ) | No. 17-3194-SLD |

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT

NOW COME the Defendants, JOHN BALDWIN, JAMISON BOLYARD, MARGARET BURKE, BEATRICE CALHOUN, BRADLEY JENKINS, ROMELLE LIPSCOMB, ALAN PASLEY, ANTHONY RISS, and ANGEL WILSON, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby file their Response to Plaintiff's Motion For Relief from Judgment [Doc. 36], stating as follows:

I.    **INTRODUCTION**

Plaintiff is an inmate within the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Logan Correctional Center ("Logan"). On September 15, 2017, Plaintiff filed her Complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. This Court's Merit Review and Case Management Order, dated November 14, 2017, determined Plaintiff had stated claims for excessive force against the Defendants when they allegedly held her down during a cavity search on September 22, 2015. [Doc. 9].

On May 2, 2018, Defendants filed their motion for summary judgment, arguing Plaintiff failed to exhaust her administrative remedies prior to filing the instant suit. [Docs. 21-22]. The Court granted Defendants' uncontested motion on June 7, 2018 [Doc. 25], and entered judgment

1

for Defendants on June 11, 2018. [Doc. 26]. Plaintiff filed her notice of appeal on June 27, 2018 [Doc. 27]. Counsel for Plaintiff appeared and filed their Motion for Relief from Judgment on July 19, 2018. [Docs. 34-36].

Plaintiff argues her circumstances constitute excusable neglect and, as such, allow the Court to set aside its final judgment pursuant to Rule 60. [Doc. 36]; Fed. R. Civ. P. 60. Plaintiff, in her motion, also offers an untimely response to Defendants' motion for summary judgment. For the reasons outlined below, Plaintiff's motion for relief from judgment should be denied and Plaintiff's response to Defendants' motion for summary judgment should be stricken from the record.

## II.   LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure permits a court, on motion and just terms, "to relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons. Fed. R. Civ. P. 60(b). Those reasons include:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged; it is based on an early judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) Any other reason that justifies relief.

*Id*.

Relief under Rule 60(b) is "'an extraordinary remedy and is granted only in exceptional circumstances.'" *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000), *quoting Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994). A motion to alter or amend a judgment must clearly establish either a "manifest error of law or fact or must present newly discovered evidence." *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th

Cir. 1986). "These motions cannot be used to raise arguments which could, and should have been made before the judgment issued. *Id*. Rule 60(b) is to be used to disturb the finality of judgments only on narrow grounds and upon a showing of exceptional circumstances. *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795 (7th Cir. 1980); *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017).

Absent grounds justifying relief under Rule 60(b)(1) for clerical mistakes, oversights, or omissions, "a party invoking Rule 60(b) must claim grounds for relief "that could not have been used to obtain a reversal by means of a direct appeal." *Banks v. Chicago Board of Education*, 750 F.3d 663, 667 (7th Cir. 2014) (quoting *Kiswanu v. Phoenix Sec. Agency, Inc.,* 584 F. 3d 741, 743 (7th Cir. 2009)). Inasmuch, "errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief." *Banks*, 750 F.3d at 667 (citing *Gleash v. Yuswak*, 308 F. 3d 758, 761 (7th Cir. 2002) and *Talano v. Northwestern Medical Faculty Foundation, Inc*., 273 F. 3d 757, 762 (7th Cir. 2001)).

### III.  ARGUMENT

In Plaintiff's motion for relief from judgment, she argues that her confusion whether she would be able to acquire counsel to draft her response to Defendants' motion for summary judgment is excusable neglect. The second aspect of Plaintiff's motion is essentially a response to Defendants' motion for summary judgment, which Defendants argue should be stricken. Defendants maintain Plaintiff's confusion about whether she would be represented by an attorney and to have her motion drafted for her is not excusable neglect. Defendants further maintain the order granting their motion for summary judgment should stand.

> **a. Plaintiff is not entitled to relief from judgment even if she falsely assumed she would be represented by counsel, and she was given clear notice that failure to file a response by the required deadline would result in dismissal of her case.**

Plaintiff's argument is primarily geared toward a showing of excusable neglect – namely, that Plaintiff failed to respond to Defendants' motion for summary judgment because she was unsure if she

3

would be represented by counsel. [Doc. 36, pp. 7-8]. In support, Plaintiff states she is incarcerated, has no legal training or experience, and did not know how to respond to Plaintiff's motion for summary judgment. *Id.* at p. 7; Doc. 36, Ex. 3 (Talafhah Decl.), ¶ 12. She reiterates she was searching for counsel even during the interim of Defendants filing their motion for summary judgment and the deadline for her response thereto.

However, Plaintiff was well aware she had no entitlement to an attorney and there was nothing expressed by the Court that the deadline to respond to Defendants' motion was tolled or extended by consequence of her searching for an attorney. Plaintiff filed her motion for appointment of counsel on September 15, 2017. [Doc. 4]. The Court denied Plaintiff's motion for appointment of counsel in a text order on April 3, 2018. In the Court's order, it thoroughly explained that Plaintiff has no constitutional or statutory right to counsel in this case. *Id.* The Court elaborated by citing *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), and listed the factors that a Court considers in appointing an attorney. Notably, this occurred an entire month before Defendants filed their motion for summary judgment on May 3, 2018. [Docs. 21-22]. For the next two months, Plaintiff was already on notice that she had no right to an attorney and that she could renew her motion, as explained by the Court.

Plaintiff states in her motion for relief from judgment that she had sent correspondence to Ms. Geiler, Esq. for representation, and that Plaintiff was denied representation one day before her deadline to respond to Defendants' motion for summary judgment. [Doc. 36, p. 6]. Plaintiff also states that she reached out to other attorneys during the interim of filing her motion for appointment of counsel and Defendants filing their motion for summary judgment. *Id.* Plaintiff fails to present any reason why this explains her failure to respond to Defendants' motion for summary judgment. Plaintiff admits no attorney agreed or promised to handle her case, and that she was simply relying on, or hoping, she would receive an attorney "to deal with the summary judgment motion." [Doc. 36, p. 8].

When Defendants filed their motion for summary judgment, Plaintiff was also sent a Rule 56

4

Notice. [Doc 23]. This Notice clearly indicates that a motion for summary judgment has been filed and that the non-movant has **twenty-one (21)** days to respond. *Id*. [Emphasis included]. Importantly, the notice states, "If you do not respond, the motion, if appropriate, will be granted and the case will be terminated without a trial." *Id.* Moreover, Plaintiff never filed a motion for extension of time pursuant to Federal Rule of Civil Procedure 6(b) to extend the deadline for her response to Defendants' motion. *See also* C.D. Ill. Local Rule 7.1(A)(3) ("Motions for extensions of time must be filed within the original time allowed."). The Local Rules also state, "If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties." C.D. Ill. Local Rule 7.1(B)(2).

Plaintiff cites a slew of cases to demonstrate that her failure to provide any response to Defendants' motion for summary judgment was excusable neglect. All of these cases miss the mark. First, Plaintiff cites *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) for the proposition that setting aside judgment was appropriate where failure to respond was not intentional but rather the result of "circumstances beyond movant's control." [Doc. 36, p. 8]. Plaintiff's analysis is misplaced and improperly analogizes *Cracco* and the instant case. The *Cracco* Court stated:

> [P]rior to the court's entry of final judgment, [Defendant] filed a motion to vacate the default order. [Defendant] initially told the court that it had no record of having received the summons and complaint from its registered agent. Later, it clarified that its registered agent had received the summons and complaint, but that the documents had been forwarded to employees who did not understand their significance. The district court granted [Defendant's] motion and vacated the order of default.

*Cracco*, 559 F.3d at 629. Surely, the Defendant in *Crucco* was not aware he had been served due to agents or employees failing to forward the appropriate legal documents to him. This makes his failure to respond inadvertent and, indeed, "beyond his control." In the instant case, for the reasons stated above, Plaintiff was well aware that she was required to file a response to Defendants' motion for summary judgment, yet failed to do so. Unlike the Defendant in *Cracco*, the Plaintiff

in the instant case had full knowledge of her legal situation and the consequences for failing to comply – yet still failed to take any action whatsoever.

Plaintiff cites *Davis v. Moroney*, 857 F.3d 748, 752 (7th Cir. 2017) to signify a prisoner's failure to obtain counsel can be "relevant" to a Rule 60 motion. [Doc. 36, p. 8]. In *Davis*, the Plaintiff was mentally handicapped and was unable to respond to Defendant's discovery requests due to his intellectual limitations and disability. *Davis*, 857 F.3d at 748-49, 751. The Court took into account the complexity of the discovery aimed toward Plaintiff Davis, and that his mental disability made it very difficult for him to respond. *Id*. at 749. He was described as having "the mind of a child," an IQ of 66, a paranoid delusional disorder, a 6th grade reading level, and lacking communication skills. *Id.* at 750. The Seventh Circuit noted that but for Mr. Davis' "severe intellectual limitations," the Defendant's and the District Court's assertions would have resonated more accurately with a more ordinary grievant, unlike with Mr. Davis. *Id*. at 751.

In the instant case, Plaintiff Talafhah makes no allegations that she is mentally impaired. She has completed her own legal work up until the present, including the drafting of her Complaint and subsequent filings. While she may, like many offenders in the Department of Corrections, have diminished reading and writing skills, this is <u>not</u> automatic grounds for appointing an attorney, does not render her situation analogous to the Plaintiff in *Davis*, and surely does not constitute excusable neglect in failing to file a response to Defendants' dispositive motion (in which she had clear notice of the consequences of failing to do so because of the Rule 56 Notice).

Further, Plaintiff cites to *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 748, 752 (7th Cir. 2017) for the proposition that Rule 60 relief was warranted for a prisoner who lacked "legal sophistication" who pursued his case diligently. [Doc. 36, p. 8]. Plaintiff again misses the mark with this case. The crux of the *Donald* matter involved the district court's abuse of discretion in failing to allow Plaintiff to submit an amended Complaint adding individual Defendants. *Donald*,

95 F.3d at 554. The Seventh Circuit was primarily focused on the following:

> [Plaintiff's] difficulties with timeliness stem to a large extent from the district court's tolerance of the [Defendant's] unexplained and lengthy delay in responding to the complaint; from the court's own delay in ruling on [Plaintiff's] motions for appointment of counsel; and from its failure to make any explicit rulings on his motions to amend his complaint.

*Id*. at 554-55.

The Seventh Circuit found that the Plaintiff acted diligently in pursuing his claims However, the Plaintiff was prejudiced since the Seventh Circuit deemed that both the Defendant and the Court essentially dragged their feet. None of that applies in the case at bar. Defendants timely filed their motion for summary judgment, Plaintiff received notice that 1) she would not be granted an attorney by the Court, and (2) she had twenty-one days to respond to Defendants' motion or else the facts presented by Defendants would be accepted as true for purposes of the motion. Defendants nor the Court have dragged their feet in this case, while Plaintiff has willfully and consciously chosen not to file a response to Defendants' motion for summary judgment. She claims in her declaration that she did not know how to respond to Defendants' motion for summary judgment because she is not an attorney and does not have legal training. [Doc. 36, Ex. 3, ¶ 12].

The same argument could be said for the vast majority of inmates who bring federal civil rights lawsuits. Logan Correctional Center has a law library, as Plaintiff admits in her declaration [Doc. 36, Ex. 3, ¶ 15). She claims she needed to access the law library to respond to the motion. *Id*. In her motion to set aside judgment, or in her declaration, Plaintiff Talafhah never once indicates she submitted request slips to go to the law library at a reasonable time in advance; rather, she states she attempted to acquire library time just before the motion was due. *Id*. at ¶¶ 15-16. She claims she tried to get library time once she realized an attorney would not be drafting her motion for summary judgment (which, again, she had several weeks' notice a response was due, *see* Doc. 23, Rule 56 Notice).

Plaintiff additionally cites to *Palmer v. Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987) for the proposition that the district court abused its discretion in dismissing the case before the prisoner had time to arrange for counsel. [Doc. 36, p. 8]. Again, Plaintiff cites a case easily distinguishable from the case at bar. In *Palmer*, Defendants filed a motion to dismiss under 12(b)(6) on June 20, 1985. *Id*. at 427. On August 21, 1985 Plaintiff informed the Court he had retained counsel and provided counsel's name and information (unlike Plaintiff Talafhah in the instant case). The Court in *Palmer* granted Plaintiff three weeks for his counsel to appear and respond to Defendants' motion. *Id*. at 427-28. The Court **did not**, however, instruct Plaintiff on the consequence of failing to respond timely to the motion (unlike how the Court did in the instant case via the Rule 56 Notice). *Id*. at 428. "[W]ritten notice to Plaintiff warning of dismissal on the merits should certainly have been given before his case was dismissed with prejudice." *Id*. at 429. Consequently, *Palmer* differs heavily from the case at bar.

Lastly, Plaintiff cites *Cent. Ill. Carpenters Health & Welfare Trust Fund v. Rice Equip. Co.,* 2015 U.S. Dist. LEXIS 92214[1] for the proposition that there was good cause to vacate an entry of default where the defendant attempted to obtain counsel prior to entry of default. It should be noted that this case does not involve Rule 60 and does not contain any discussion on "excusable neglect," as is the crux of Plaintiff's argument. Similarly to Plaintiff's previously cited case, *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009), *supra*, Defendants in *Rice Equip.* were not on notice a complaint was filed against them. The *Rice Equip.* Court stated, in pertinent part:

> The principal also advised that he sent a copy of the Complaint to Kaplan Associates, LLC prior to the entry of default with the understanding that Kaplan Associates, LLC would enter an appearance and file an answer. *Id.* ¶ 4. However, Kaplan Associates, LLC did not receive the Complaint and had no notice of the filing until February 17, 2015. *Id.* at ¶ 5. It was Mr. Avigad's understanding that Kaplan Associates, LLC's spam filter prevented "transmission" (he may have meant "receipt") of the Complaint and the request for Kaplan Associates, LLC to enter an appearance. *Id.* ¶ 6.

---

[1] Defendants do not have access to Lexis, and will instead refer to the Westlaw citations.

*Rice Equip*, 2015 WL 4378192, at *2 (Emphasis added). Again, Plaintiff in the instant case had Rule 56 Notice and chose not to respond to Defendants' motion for summary judgment, and was fully aware of the consequences of doing so. [Doc. 23].

Plaintiff additionally notes that she made efforts to prosecute her claim after judgment had been entered against her. [Doc. 38, p. 9]. Plaintiff, *pro se*, filed her notice of appeal [Doc. 27] and made an argument in response to Defendants' motion for summary judgment. [Doc. 27-1]. She provides no explanation in her notice of appeal as to what prevented her from filing said response prior to the required deadline. Plaintiff has not adequately supported her argument that her failure to respond constituted "excusable neglect" and, therefore, Defendants maintain that Plaintiff's motion for relief from judgment should be denied on the foregoing grounds.

   **b. Defendants move to strike Plaintiff's response to Defendants' motion for summary judgment or, in the alternative, seek leave to file a reply should the Court allow the Plaintiff's response.**

Plaintiff, in her Rule 60 motion, has essentially laid out a response to Defendants' motion for summary judgment. [Ex. 36, pp. 9-13]. This response is several months late, and Plaintiff attaches no motion for leave to file her response. Local Rule 7.1(F) requires that if filing a document requires leave of the court, the filing party must attach the proposed document as an exhibit to a motion to file. C.D. Ill. Local Rule 7.1(F). Plaintiff has not done so in her motion, and Defendants move to strike Plaintiff's filing pursuant to Rule 12(f). Fed. R. Civ. P. 12(f).

Regardless, "[Rule 60] motions cannot be used to raise arguments which could, and should have been made before the judgment issued." *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). Plaintiff now seeks to argue her position on exhaustion of administrative remedies long after the deadline has lapsed. There are no exceptional circumstances or excusable neglect allowing for a reconsideration in this matter and, therefore, Plaintiff's response to Defendants'

9

dispositive motion should not be considered for the foregoing reasons

### IV.     CONCLUSION

Plaintiff's motion for relief from judgment should be denied. Plaintiff falsely assuming she would potentially be represented by counsel, despite previously being denied counsel and warned that failure to respond to Defendants' dispositive motion may result in termination of her case, does not support a finding of "excusable neglect." Additionally, the Court should strike Plaintiff's response to Defendants' motion for summary judgment as it was filed untimely and improperly pursuant to both the Federal Rules of Civil Procedure and the Court's Local Rules.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Court deny Plaintiff's Motion for Relief from Judgment, and strike Plaintiff's response to Defendants' motion for summary judgment.

Respectfully submitted,

JOHN BALDWIN, JAMISON BOLYARD, MARGARET BURKE, BEATRICE CALHOUN, BRADLEY JENKINS, ROMELLE LIPSCOMB, ALAN PASLEY, ANTHONY RISS, and ANGEL WILSON,

   Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

   Attorney for Defendants,

By:   s/ Brett Furmanski
   Brett Furmanski, #6326924
   Assistant Attorney General
   500 South Second Street
   Springfield, Illinois  62701
   (217) 782-9014  Phone
   (217) 782-8767  Fax
   E-Mail: bfurmanski@atg.state.il.us
             gls@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| RASHA B. TALAFHAH, R-89309, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 17-3194-SLD |
| | ) | |
| JOHN BALDWIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2018, the foregoing document, *Defendants' Response to Plaintiff's Motion for Relief from Judgment*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alan Mills             (*Counsel for Plaintiff*)    alan@uplcchicago.org
Elizabeth N. Mazur     (*Counsel for Plaintiff*)    liz@uplcchicago.org

Respectfully submitted,

 s/Brett Furmanski
Brett Furmanski, #6326924
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 782-9014  Phone
(217) 524-5091  Fax
Email:  bfurmanski@atg.state.il.us